

**LOGS Legal Group LLP**
Attorneys at Law

175 Mile Crossing Boulevard
Rochester, New York 14624
Tel: (585) 247-9000 • Fax: (585) 247-7380

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Regional Managing Partner**
John A. DiCaro (licensed in NY)

**Managing Partner**
Shari S. Barak (licensed in NY)

March 8, 2021

Chambers Hon. LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East,
Courtroom 4HN
Brooklyn, NY 11201

RE:    Sean M. Murray v. Specialized Loan Servicing, LLC
        Civil Docket 21-mc-00178-LDH
        On appeal from:
        Murray v. John and Jane Doe Corporations and Entities et al
        AP Case Number: 18-01141-ess
        Bankruptcy Case Number: 17-11457-ess
        SD&B File Number: 18-072105

Dear Judge DeArcy Hall;

This firm represents Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay"), successor servicer to Specialized Loan Servicing, LLC ("SLS") in the underlying bankruptcy and adversary proceeding. Fay is a secured creditor of Sean M. Murray (the "Appellant" or "Debtor") with respect to the real property known as 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372 (the "Property").

As the Court is no doubt aware, the Debtor commenced the adversary proceeding against SLS, predecessor to Fay, on December 21, 2018. SLS proceeded with an answer, and ultimately moved for a Motion for Summary Judgment on November 11, 2019 (the "MSJ"). The MSJ was granted by the bankruptcy court on all counts on December 15, 2020 the "Summary Judgment Order"). The instant appeal seeks an order overturning the Summary Judgment Order.

On January 14, 2021, the Debtor filed the Motion for Leave, seeking permission to appeal the Judgment Order, among other things. On January 29, 2021, the bankruptcy court entered a scheduling order concerning briefing of the Debtor's Motion for Leave. On March 2, 2021, Fay filed opposition to the Motion for Leave, primarily on the issue of the Debtor's request to amend the complaint post-judgment.

On March 2, 2021, this Court entered an order in the instant Appeal. This order found that the Summary Judgment Order is a final order for the purposes of the appeal.

Appellee is writing this letter seeking clarification from the Court regarding the following language of its March 2, 2021 Order:

> Accordingly, the Court construes Plaintiff's motion for leave as a notice of appeal and memoranda of law in support thereof. See Fed. R. Bankr. P. 8001(a) (an appeal as of right may be taken from a "final judgment, order or decree of a bankruptcy judge."). Appellee is directed to respond by March 16, 2021. Plaintiff's reply, if an, shall be due March 30, 2021.

Below signed counsel believes that the "response" directed in the March 2, 2021 Order is a response solely on the issue of leave to appeal. In this case, as stated in the March 2, 2021 opposition filed in the Adversary Proceeding, Fay does not take a position on the appeal one way or another, although it would note that the equities appear to favor proceeding with the appeal immediately.

Below signed counsel is seeking confirmation that the response needed from Appellee by March 16, 2021 is only on the issue of leave to appeal, and not its brief in opposition to the Debtor's Appeal. If below signed counsel has misread the Court's March 2, 2021 order, and the Court is looking for Appellee's Brief on March 16, 2021, below signed counsel requests that this be considered a letter application for an extension of time.

Very truly yours,

/s/ Robert W. Griswold
Robert W. Griswold