**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| *In re*: | Chapter 7 |
| SEAN M. MURRAY, | Bankruptcy Case No. 17-44157 |
| Debtor. | Adv. Pro. Case No. 18-01141 |

-------------------------------------------------------X

| | |
|---|---|
| SEAN M. MURRAY, | |
| Appellant, | |
| *-against-* | Civil Action No. 19-cv-01402-JLS |
| SPECIALIZED LOAN SERVICING, LLC, *et. al*, | ***On Appeal from an Order of the Bankruptcy Court for the Eastern District of New York*** |
| Appellee. | |

-------------------------------------------------------X

## REPLY OF FAY SERVICING, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND OR APPEAL

Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay"), successor servicer to Specialized Loan Servicing, LLC ("SLS", Fay and SLS collectively referred to as "Appellee" or "Defendant"), by and through its attorneys, LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, as and for its Response to Plaintiff's Motion for Leave to Amend or Appeal from Order Granting Defendant Specialized Loan Servicing, LLC's Motion for Summary Judgment at Dkt. 50 & 51, dated December 29, 2020 (the "Motion for Leave"), respectfully states:

1. Sean Michael Murray (the "Debtor" or "Appellant") filed the Complaint on December 21, 2018 (the "Complaint") commencing an adversary proceeding against SLS and Nationstar, filed under Adv. Pro. Number 18-01141 (the "Adversary Proceeding").

2. Appellee filed an answer January 22, 2019.

3. On November 11, 2019, Appellee filed a Motion for Summary Judgment (the "MSJ"), initially returnable December 2, 2019.

4. At the initial hearing on the MSJ which took place on February 24, 2020, the Court set a briefing schedule for the MSJ, providing the Debtor was to file opposition by April 3, 2020, and SLS was permitted to file a reply by April 24, 2020.

5. Counsel to Appellee consented to a two week extension of the Debtor's opposition to April 17, 2020. The Debtor's Opposition was emailed to below signed counsel on April 17, 2020, and was filed on April 23, 2020.

6. Appellee replied to the Debtor's Opposition on April 28, 2020 (the "Reply" or "SLS' Reply"), in which SLS pointed out that the Debtor improperly raised new issues in opposition to summary judgment, namely allegations of violations of RegX, procedural defects in the commencement of the foreclosure action and allegations of predatory lending and that the Debtor's Opposition alleges there are factual issues without actually stating what they are.

7. A hearing was held on the MSJ on June 2, 2020. At that time, the Court permitted the Debtor the opportunity to file a supplemental opposition to the MSJ by June 30, 2020.

8. On July 1, 2020, the Debtor filed the Supplemental Opposition, in which the Debtor contested each and every fact in SLS' list of uncontested facts, and rehashed previously briefed issues, asserting that SLS's loan is not perfected and raising issues surrounding alleged stay violations, without substantively discussing the issues. .

9. On July 21, 2020, Defendant filed a response to the Supplemental Opposition.

10. Hearings on the MSJ were held on July 29, 2020, October 20, 2020 and December 3, 2020.

11. On December 15, 2020, the Court entered the Memorandum Decision granting the MSJ (the "Summary Judgment Order").

12. On December 29, 2020, the Debtor filed the instant Motion for Leave to Amend and a notice of appeal of the Summary Judgment Order.

13. The Motion for Leave was docketed in the instant appeal on January 14, 2021.

14. The Motion for Leave requests alternative relief, as follows:

   a. The Motion for Leave acknowledges that the Summary Judgment Order may not be a final order, and so the Debtor's Appeal requires approval of the Bankruptcy Court to proceed.

   b. The Motion for Leave seeks permission of the Court to amend the Complaint post-judgment.

   c. The Motion for Leave requests a stay pending appeal, but does not support the request for a stay pending appeal, other than to propose that a bond would not be necessary.

15. This same Motion for Leave is currently pending in the Bankruptcy Court as well.

16. At the hearing in the adversary proceeding which took place on February 9, 2021, the Bankruptcy Court set a briefing schedule on the Motion for Leave.

17. Appellee filed a limited opposition to the Motion for Leave in the Adversary Proceeding on March 2, 2021.

18. Appellee does not oppose the Appellant's request for leave to appeal, but does oppose any request for leave to amend the Complaint post-judgment, or for a stay pending appeal.

19. Since the instant appeal is the Debtor's appeal of the Summary Judgment Order, Appellee does not believe that the Debtor's request for leave to amend the Complaint is validly before this Court, and so will only briefly touch on that issue.

20. The Debtor's request for a stay pending appeal has already been denied by this Court in the March 2, 2021 text order of this Court. Although this order was partially vacated by the March 15, 2021 Order of this Court, the denial of the request for a stay pending appeal survives, and so this issue will also only be briefly discussed.

## **DISCUSSION**

*The Request for Leave to Appeal*

21. As a general matter, a party is always permitted to appeal "final" judgments and orders, but for "interlocutory orders and decrees," leave of the court must be obtained prior to proceeding with the appeal. 28 U.S.C. § 158(a)(1).

22. A "final order" is an order that "conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order." *Shimer v. Fugazy (In re Fugazy Exp., Inc.)*, 982 F.2d 769, 775 (2d Cir. 1992).

23. An order granting complete summary judgment with respect to all claims is considered a Final Order. *See In re Chateaugay Corp.,* 922 F.2d 86, 90 (2d Cir.1990).

24. However, if an order disposing of an adversary proceeding against some, but not all, of the defendants, would not be a final order. See *Kushner v. Winterthur Swiss Ins. Co.,* 620 F.2d 404, 408 (3d Cir.1980)

25. In the instant case, the Summary Judgment Order certainly and unambiguously resolves the entire Complaint with respect to the Appellee.

26. However, Nationstar, the co-defendant on the Complaint was not a party to the MSJ, and has not moved for summary judgment in the Adversary Proceeding.

27. Therefore, the Summary Judgment Order is arguably not a final order as Nationstar will remain as a defendant in the action, and even though the Adversary Proceeding with respect to Appellee has been concluded, the Adversary Proceed will continue with respect to Nationstar, the co-defendant.

28. The Appellee does not oppose the Debtor's request for leave to appeal.

29. This Adversary Proceeding was commenced in December 2018, and has now been pending for nearly two and a half years.

30. Considering that Nationstar has not yet moved for summary judgment or proceeded to a trial, it may be a significant additional period until the Adversary Proceeding is finally decided with respect to all defendants.

31. Additionally, the issues likely to be raised in the remaining portions of the Adversary Proceeding with Nationstar are likely to be different than the issues that would be raised in an appeal of the Summary Judgment Order.

32. The Summary Judgment Order concerns the perfection of the Loan, the Debtor's attempted use of the trustee's strong arm powers to avoid the Lien and the alleged stay violations against SLS, which were settled by SLS and the Debtor prior to the commencement of the Adversary Proceeding.

33. As Nationstar is no longer the servicer of the loan, their defense of the Complaint will primarily concern their actions as servicer and allegations of stay violations by Natioonstar.

34. Nationstar has not taken a position with respect to the portions of the Complaint surrounding the enforceability or perfection of the Loan as Nationstar is no longer the servicer.

35. Even the issues surrounding the alleged stay violations are considerably different between the two defendants. SLS had already settled the alleged stay violations well prior to the commencement of the Adversary Proceeding (the "Settlement"). Whereas most of the substance of the Adversary Proceeding for Appellee has centered around the Settlement, Nationstar would need to discuss the merits of the allegations.

36. For these reasons, even if the Court concludes that the Summary Judgment Order is interlocutory, it seems to make sense for the Court to grant the Debtor's request for leave to appeal.

## The Request to Amend the Complaint

37. As noted above, Appellee believes that the Debtor's request for leave to amend the Complaint is not validly before this Court, as the instant appeal seeks appellate review of the Summary Judgment Order, and a post-judgment request to amend the complaint would need to be decided by the bankruptcy court.

38. Nevertheless, Appellee vigorously opposes this request.

39. Prior to entry of a judgment, the Bankruptcy Rules give the Debtor 21 days to amend their Complaint "as of right," and then the Complaint can be amended thereafter upon request, barring a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963).

40. In the instant case, Appellee would contend that "undue delay", "bad faith" and "dilatory motive" are all clearly present. Even had the Summary Judgment Order not been granted, the Appellee would oppose the Debtor's request to amend the Complaint.

41. The adversary proceeding has been pending now for nearly two and a half years, and the Complaint itself incorporates by reference several prior allegations made by the Debtor in the underlying bankruptcy case.

42. Further, since the Summary Judgment Order has been granted, the Debtor is not permitted to request an amendment to the Complaint unless there is also cause to vacate the Summary Judgment Order.

43. In *Ruotolo*, the Second Circuit found that a party seeking to amend their complaint post-judgment must first establish cause to have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir 2008); *Mitsubishi Aircraft Int'l v. Brady,* 780 F.2d 1199, 1203 (5th Cir.1986) ("by the time the motion to amend was filed, there was no longer existent a claim to be amended, since summary judgment was already granted").

44. "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244–45 (2d Cir.1991) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489, at 694 (1990)).

45. Here, Appellee has proceeded through the entire adversary proceeding, including the preparation of an answer, discovery, the preparation and filing of the MSJ, several rounds of briefing, and several hearings at which the Court took argument from both sides on the issues surrounding the Complaint.

46. Now that Defendant has been successful in obtaining the Summary Judgment Order, the Debtor seeks leave to amend the complaint and reset the entire pleading, seemingly not for any specific reason other than that he is dissatisfied that he has lost.

*Stay Pending Appeal*

47. The Appellant has requested a stay pending appeal.

48. This request was denied by the Court in the March 2, 2021 Order.

49. The party seeking a stay pending appeal must have sought a stay pending appeal in the underlying bankruptcy court, or must plead why moving in the bankruptcy court would be impractical.

50. The Appellant has done neither, and therefore the Court was correct to deny the request for a stay.

51. Further, the Debtor's Motion for Leave does not touch on the basis for the request for a stay pending appeal.

52. The only issue surrounding the stay pending appeal the Appellant touches on is whether a bond would need to be posted. But on the actual substance of whether a stay pending appeal is warranted, the Motion for Leave is completely silent.

53. For that reason, even if the Debtor had already requested a stay pending appeal unsuccessfully in the bankruptcy court, this Court should not grant the Debtor's request for a stay pending appeal.

**WHEREFORE**, Appellee respectfully requests that the Court deny Plaintiff's request for leave to amend the Complaint and for a stay pending appeal, and for such other relief as the Court deems just and proper.

Dated: March 22, 2021
Merrick, New York

Respectfully submitted,

<u>/s/ Robert W. Griswold</u>
Robert W. Griswold
Bankruptcy Attorney
LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC
Attorneys for Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

**The LOGS Legal Group, LLP f/k/a Shapiro, DiCaro & Barak, LLC**
Attorneys for Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, NY 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Robert W. Griswold**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| *In re*: | Chapter 7 |
| SEAN M. MURRAY, | Bankruptcy Case No. 17-44157 |
| Debtor. | Adv. Pro. Case No. 18-01141 |

--------------------------------------------------------X

| | |
|---|---|
| SEAN M. MURRAY, | |
| Appellant, | |
| -*against*- | Civil Action No. 19-cv-01402-JLS |
| SPECIALIZED LOAN SERVICING, LLC, *et. al*, | *On Appeal from an Order of the Bankruptcy Court for the Eastern District of New York* |
| Appellee. | |

--------------------------------------------------------X

### AFFIRMATION OF SERVICE BY MAIL

I, Michael J. Chatwin, say, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

On March 2, 2021 I served the within Reply of Fay Servicing, LLC in Response to Plaintiff's Motion for Leave to Amend or Appeal upon:

TO:    Debtor Appearing Pro Se
Sean M. Murray
P.O. Box 1110
Attn: 2544
Albany, NY 12201-1110

Cleo F. Sharaf
Ras Boriskin
900 Merchants Concourse
Westbury, NY 11590

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: March 22, 2021

                                                            <u>/s/ Michael J. Chatwin</u>
Bankruptcy Attorney
LOGS Legal Group LLP f/k/a
Shapiro, DiCaro & Barak, LLC
Attorneys for Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380